# EXHIBIT A

## State Court Pleadings

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
### SECOND JUDICIAL DISTRICT

MISSISSIPPI FARM BUREAU CASUALTY
INSURANCE COMPANY, AS SUBROGEE OF
ROBERT JOHNSON AND EVELYN JOHNSON                    **PLAINTIFF**

**VERSUS**                                            CAUSE NO. 25-8

ASC ENGINEERED SOLUTIONS, LLC
D/B/A ASC ENGINEERED SOLUTIONS
AND AS SUCCESSOR IN INTEREST TO
WARD MANUFACTURING, LLC, JOHN DOES 1-10,
AND CORPORATE JOHN DOES A-Z                           **DEFENDANTS**

---

### COMPLAINT
### *Jury Trial Demanded*

---

**COMES NOW** Plaintiff, Mississippi Farm Bureau Casualty Insurance Company ("Farm Bureau"), and as subrogee of Richard Johnson and Evelyn Johnson (the "Johnsons") submits its Complaint, stating as following to-wit:

### PARTIES

1.

Farm Bureau is a company organized and existing under the laws of the State of Mississippi. Its principal place of business and headquarters are located in Hinds County, Mississippi.

2.

Defendant ASC Engineered Solutions, LLC d/b/a ASC Engineered Solutions and as successor in interest to Ward Manufacturing, LLC ("Ward") is a Delaware limited liability company with its principal place of business in Illinois. ASC Engineered Solutions, LLC d/b/a ASC Engineered Solutions acquired Ward Manfucturing, LLC in 2024 and, therefore, is the proper party herein. Ward does business in and/or sells its

*Complaint / Page 1*

products in the State of Mississippi, but does not maintain a registered agent within the State of Mississippi. Ward may be served with process via certified mail to its registered agent as follows, or by any other method permitted at law, including personal service upon its agent for process, C T Corporation System, located at 208 S. La Salle St., STE 814, Chicago, IL 60604-1135

### 3.

Defendants John Does 1-10 and Corporate John Does A-Z are individuals, corporations, or other entities that may have caused or contributed to Plaintiff's damages addressed herein but whose identities and extent of liability to Plaintiff are presently not ascertained. Plaintiff reserves the right to timely amend this Complaint at a future date if and when these Defendants' true identities are learned, and their liability ascertained.

### JURISDICTION AND VENUE

### 4.

Jurisdiction is proper in this Court, pursuant to Miss. Const. Ann. Art. 6, § 156 and Miss. Code Ann. § 9-7-81. Additionally, the Court has personal jurisdiction over Ward, because it purposefully availed itself of the privileges and benefits of conducting business in Mississippi by repeatedly and continuously distributing its products in Mississippi. Ward currently has or has previously maintained sufficient, minimum or greater contacts with the State of Mississippi to subject itself to its jurisdiction.

### 5.

Venue is proper in the Hinds County, Mississippi, Second Judicial District, pursuant to Miss. Code Ann. § 11-11-3, because all or a substantial part of the event or omissions and the damages occurred in Hinds County, Mississippi, Second Judicial

District. Further, this suit involves damage to real property located in Hinds County, Mississippi, Second Judicial District.

## FACTUAL BACKGROUND

### 6.

At all times material hereto, the Johnsons were the owners of the real and personal property located at 5600 Jackson Raymond Road, Raymond, Mississippi 39154 (the "Residence").

### 7.

Upon information and belief, Construction of the Residence was completed in 2007. The Residence was plumbed with corrugated stainless steel tubing mass manufactured and sold by Ward Manufacturing, LLC (the "CSST") and used for the distribution of natural gas throughout the Residence.

### 8.

The CSST at issue, sometimes known as WardFlex, was manufactured and sold by Ward in mass for use in various locations and applications and was not modified in any manner prior or subsequent to its installation, being in the same condition as when it left Ward's control prior to the subject failure.

### 9.

At all times material hereto, Ward was engaged in the business of manufacturing, distributing, marketing, selling and/or otherwise placing its CSST into the stream of commerce to be used for the distribution of natural gas and/or propane in residential, commercial, and industrial settings.

*Complaint* / Page 3

**10.**

On or about March 26, 2023, the Residence was damaged by fire when lightning struck on or around the Residence. After further investigation, it was discovered that the fire damage originated and corresponded with a hole in the CSST manufactured by Ward. The CSST-caused fire also resulted in significant smoke and water damage to the Residence and personal property located therein.

**11.**

The electrical charge from the lightning flowing through the CSST caused the CSST to fail and rupture. The rupture allowed the free flow of natural gas, which ignited due to the heat of the electrical charge and/or arc. It is widely known that the electrical charge produced by lightning can be distributed across the CSST and ultimately cause it to fail. The failure manifests as a small puncture or punctures in the thin-walled CSST.

**12.**

Upon information and belief, Ward has known since at least 2002, and possibly as early as 1996, that CSST fails when subjected to an electrical charge from lightning. CSST manufacturers had independent labs test CSST to determine how much electrical energy it would withstand before failing. The testing showed that CSST failed at a level below the energy generated by lightning.

**13.**

This fire was caused by Ward's improper design, testing, manufacturing, and/or marketing of CSST for generic residential uses. Especially in markets where lightning strikes are commonplace and reasonably foreseeable, as is Mississippi.

**14.**

At all times relevant herein, Farm Bureau Insurance Policy No. HO 40142349 insured the Residence and its contents. As a result of the fire, the Johnsons submitted claims to Farm Bureau under their policy. Pursuant to the terms of the subject insurance policy, Farm Bureau has currently paid $807,956.51 for damage to real and personal property, including loss of use and ALE, as a result of the fire. Farm Bureau became subrogated to the rights of the Johnsons against Defendants to the extent of Farm Bureau's payments to, or on behalf of, its insureds for the damage to the insured property, both real, personal, and otherwise.

**15.**

As a result of the subject fire loss, Farm Bureau has been damaged in the amount of at least $807,956.51.

## CAUSES OF ACTION

### Count 1 – Negligence

**16.**

Farm Bureau realleges and incorporates the allegations contained in the preceding Paragraphs as though fully set forth herein.

**17.**

At all times material to this Complaint, Farm Bureau would show that Ward owed a duty to exercise reasonably prudent and ordinary care in its design, testing, manufacturing, distribution, marketing and sale of its CSST. The CSST in question was defective and unsafe for its intended purposes at the time it left Ward's control and at the time it was installed. Ward breached its duties and, as a direct result and proximate result of its breach(es), caused the damage claimed in this Petition.

**18.**

Ward's negligent acts or omissions include, but are not limited to::

a.   Failing to design, construct, fabricate, inspect and/or test the product in question in conformity with the prevailing industry and national standards, including, but not limited to, lightning strike testing;

b.   Failing to test its CSST for its ability to withstand the impact an electrical charge from lightning strikes before placing it into the market;

c.   Continuing to distribute CSST after learning of the propensity of CSST to fail and start a fire when subjected to an electrical charge from lightning;

d.   Failing to warn the public, including distributors, builders, installers, plumbers, and homeowners, of the defective condition of its CSST and its propensity to fail when subjected to the electrical charge from lightning, which it knew created an unreasonable risk of harm to real and personal property, as well as an unreasonable risk of personal injury and death;

e.   Failing to instate a safer alternative design;

f.   Failing to require the use of a lightning protection system for CSST installed in areas with a high frequency of lightning;

g.   Failing to warn that bonding and grounding will not protect CSST from failing when subjected to the electrical charge from lightning;

h.   Failing to warn that CSST can cause fires; and

i.   Otherwise, failing to use due care in designing and marketing the CSST product.

**19.**

Each of the above-referenced acts and omissions, singularly and/or in combination

with others, constitutes negligence and, as a direct and proximate result of Defendant's negligent acts and/or omissions, Farm Bureau was damaged in the amount of $807,956.51, as a result of its payment to, or on behalf of, its insured.

## Count 2 – Products Liability

### 20.

Farm Bureau realleges and incorporates the allegations contained in the preceding Paragraphs as though fully set forth herein.

### 21.

Ward designed, mass manufactured, marketed, distributed, sold, and/or placed CSST into the stream of commerce. Ward intended its CSST to be used to distribute natural gas in residences, such as in the Johnsons' Residence and application.

### 22.

Ward's CSST was unreasonably dangerous and unsafe for its intended use by reason of defects that existed at the time Ward placed the CSST into the stream of commerce.

### 23.

Despite actual knowledge of the propensity to fail and start fires, and the creation of a new product to attempt to address this problem, Ward failed to provide proper and adequate warnings about the dangers of CSST. Ward also failed to provide proper and adequate instructions regarding installation of the CSST.

### 24.

At the time the CSST left the control of Ward, it was defective in the following

*Complaint* / Page 7

respects:

  a.   The CSST was designed in a defective manner;

  b.   The CSST was manufactured in a defective manner in that it deviated from
       manufacturing or design specifications;

  c.   The CSST breached an express warranty or failed to conform to other
       express factual representations upon which the Johnsons justifiably relied
       in electing to use the product; and/or

  d.   The CSST was improperly tested.

## 25.

Farm Bureau would further show that at the time the CSST left Ward's control:

  a.   Ward knew, or in light of reasonably available knowledge or in the exercise
of reasonable care should have known, about the danger that caused the damages for
which recovery is sought in this lawsuit;

  b.   The CSST failed to function as expected; and

  c.   There existed a feasible design alternative that would have to a reasonable
probability prevented the harm to foreseeable users without impairing the utility,
usefulness, practicality, or desirability of the product.

## 26.

Defendant failed to warn foreseeable users of the defective and unreasonably
dangerous condition of the CSST relating to its improper design, manufacture, assembly,
and inspection.

## 27.

The fire and the resulting damages were caused by Ward's defectively designed
and/or manufactured CSST and/or Ward's failure to provide adequate warning with its

*Complaint* / Page 8

product.

**28.**

As a direct and proximate result of the danger of Ward's defective product, the fire occurred and resulted in substantial damage to the Johnsons' property, which was covered by the Farm Bureau policy and for which payments were made by Farm Bureau to the Johnsons.

**29.**

As a direct and proximate result of Defendant's failure to warn of the defective and unreasonably dangerous condition of the CSST, Farm Bureau suffered and will continue to suffer damages in the amount of $807,956.51 by virtue of Farm Bureau's payments to, or on behalf of, its insureds.

## Count 3 - Breach of Implied Warranties of Merchantability and Fitness for a Particular Purpose

**30.**

Farm Bureau realleges and incorporates the allegations contained in the preceding Paragraphs as though fully set forth herein.

**31.**

Ward breached the implied warranties of merchantability and fitness for a particular purpose set forth in §§ 75-2-314 and 75-2-315, respectively, of the Mississippi Code.

**32.**

Ward marketed and sold the defective CSST. The defect was present when the CSST left the control of Ward, and the damages sought herein were proximately caused by the defective condition. Additionally, the CSST was not fit to be used for its ordinary

purposes, either for the purpose which Defendant intended it to be used or for any other reasonably foreseeable purpose.

**33.**

At the time the CSST was sold, Ward knew or had reason to know the particular purpose for which it would be purchased. The CSST at issue was not fit for such particular purpose, and its defective nature was the proximate cause of the $807,956.51 in compensatory damages sought herein.

**WHEREFORE, PREMISES CONSIDERED,** Farm Bureau demands damages from Defendants to be determined by a jury, including but not limited to, as follows:

a.     Compensatory damages in the amount of $807,956.51 for the amounts Farm Bureau paid to, or on behalf of, its insured(s) as a result of the loss to insureds' property, real, personal, or otherwise;

b.     Other compensatory damages currently being accrued;

c.     Storage fees;

d.     Expert expenses;

e.     Pre-judgment interest;

f.     Post-judgment interest;

g.     All costs and expenses associated with this action, including costs of Court;

h.     Attorneys' fees; and

*Complaint / Page 10*

i.      Any and all further relief that this Court may deem just, necessary, and

proper under the circumstances.

Dated, this the _5ᵀᴴ_ day of March, 2025.

MISSISSIPPI FARM BUREAU CASUALTY
INSURANCE COMPANY, PLAINTIFF

By:     _____

Michael C. Gatling (MSB # 101530)
Bradley R. McDill (MSB # 102231)
Attorney for the Plaintiff

OF COUNSEL:

**McDILL GATLING PLLC**
202 West Jackson Street, Suite 200
Ridgeland, Mississippi 39157
Telephone: (769) 567-1284
Facsimile: (769) 567-1281
Email: mike@gatlinglaw.com
Email: brad@gatlinglaw.com
*Counsel for the Plaintiff*

**COVER SHEET**

**Civil Case Filing Form**

*(To be completed by Attorney/Party Prior to Filing of Pleading)*

Mississippi Supreme Court    Form AOC/01
Administrative Office of Courts    (Rev 2020)

**Court Identification Docket #**

| 2 | 5 | 2 | | C | I | | 2 | 0 | 2 | 5 | | | | | | | | 8 |

County #    Judicial District    Court ID (CH, CI, CO)

| 0 | 3 | 0 | 5 | 2 | 5 |

Month    Date    Year

This area to be completed by clerk

**Docket Number**

**Local Docket ID**

Case Number if filed prior to 1/1/94

In the ▼ Court of **HINDS** ▼ County — **SECOND** ▼ Judicial District

**Origin of Suit (Place an "X" in one box only)**

☒ Initial Filing ☐ Reinstated ☐ Foreign Judgment Enrolled ☐ Transfer from Other court ☐ Other
☐ Remanded ☐ Reopened ☐ Joining Suit/Action ☐ Appeal

**Plaintiff - Party(ies) Initially Bringing Suit Should Be Entered First - Enter Additional Plaintiffs on Separate Form**

Individual

_____ Last Name    _____ First Name    _____ Maiden Name, if applicable    M.I. ___    Jr/Sr/III/IV ___

____ Check ( x ) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

____ Check ( x ) if Individual Plaintiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity

D/B/A or Agency _____

Business **Mississippi Farm Bureau Casualty Insurance Company (incorporated in Mississippi)**

Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated

____ Check ( x ) if Business Plaintiff is filing suit in the name of an entity other than the above, and enter below:

D/B/A _____

Address of Plaintiff **6311 Ridgewood Road, Jackson, MS 39211**

Attorney (Name & Address) **Bradley R. McDill, 202 W. Jackson St., Suite 200, Ridgeland, MS 39157**    MS Bar No. **102231**

____ Check ( x ) if Individual Filing Initial Pleading is NOT an attorney

Signature of Individual Filing: _____

**Defendant - Name of Defendant - Enter Additional Defendants on Separate Form**

Individual

_____ Last Name    _____ First Name    _____ Maiden Name, if applicable    M.I. ___    Jr/Sr/III/IV ___

____ Check ( x ) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

____ Check ( x ) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:

D/B/A or Agency _____

Business **ASC Engineered Solutions, LLC as successor in interest to Ward Manufacturing, LLC**

Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated

✗ Check ( x ) if Business Defendant is acting in the name of an entity other than the above, and enter below:

D/B/A **d/b/a ASC Engineered Solutions**

Attorney (Name & Address) - If Known _____    MS Bar No. _____

____ Check ( x ) if child support is contemplated as an issue in this suit.*
*If checked, please submit completed Child Support Information Sheet with this Cover Sheet

**Nature of Suit (Place an "X" in one box only)**

| Domestic Relations | Business/Commercial |
|---|---|
| ☐ Child Custody/Visitation | ☐ Accounting (Business) |
| ☐ Child Support | ☐ Business Dissolution |
| ☐ Contempt | ☐ Debt Collection |
| ☐ Divorce:Fault | ☐ Employment |
| ☐ Divorce: Irreconcilable Diff. | ☐ Foreign Judgment |
| ☐ Domestic Abuse | ☐ Garnishment |
| ☐ Emancipation | ☐ Replevin |
| ☐ Modification | ☐ Other _____ |
| ☐ Paternity | **Probate** |
| ☐ Property Division | ☐ Accounting (Probate) |
| ☐ Separate Maintenance | ☐ Birth Certificate Correction |
| ☐ Term. of Parental Rights-Chancery | ☐ Mental Health Commitment |
| ☐ UIFSA (eff 7/1/97; formerly URESA) | ☐ Conservatorship |
| ☐ Other _____ | ☐ Guardianship |
| **Appeals** | ☐ Joint Conservatorship & Guardianship |
| ☐ Administrative Agency | ☐ Heirship |
| ☐ County Court | ☐ Intestate Estate |
| ☐ Hardship Petition (Driver License) | ☐ Minor's Settlement |
| ☐ Justice Court | ☐ Muniment of Title |
| ☐ MS Dept Employment Security | ☐ Name Change |
| ☐ Municipal Court | ☐ Testate Estate |
| ☐ Other _____ | ☐ Will Contest |
| | ☐ Alcohol/Drug Commitment (Involuntary) |

☐ Alcohol/Drug Commitment (Voluntary)
☐ Other

**Children/Minors - Non-Domestic**
☐ Adoption - Contested
☐ Adoption - Uncontested
☐ Consent to Abortion
☐ Minor Removal of Minority
☐ Other _____

**Civil Rights**
☐ Elections
☐ Expungement
☐ Habeas Corpus
☐ Post Conviction Relief/Prisoner
☐ Other _____

**Contract**
☐ Breach of Contract
☐ Installment Contract
☐ Insurance
☐ Specific Performance
☐ Other _____

**Statutes/Rules**
☐ Bond Validation
☐ Civil Forfeiture
☐ Declaratory Judgment
☐ Injunction or Restraining Order
☐ Other _____

**Real Property**
☐ Adverse Possession
☐ Ejectment
☐ Eminent Domain
☐ Eviction
☐ Judicial Foreclosure
☐ Lien Assertion
☐ Partition
☐ Tax Sale: Confirm/Cancel
☐ Title Boundary or Easement
☐ Other _____

**Torts**
☐ Bad Faith
☐ Fraud
☐ Intentional Tort
☐ Loss of Consortium
☐ Malpractice - Legal
☐ Malpractice - Medical
☐ Mass Tort
☐ Negligence - General
☐ Negligence - Motor Vehicle
☐ Premises Liability
☒ Product Liability
☐ Subrogation
☐ Wrongful Death
☐ Other _____

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
### SECOND JUDICIAL DISTRICT

**MISSISSIPPI FARM BUREAU CASUALTY
INSURANCE COMPANY, AS SUBROGEE OF
ROBERT JOHNSON AND EVELYN JOHNSON**                                    **PLAINTIFF**

**VERSUS**                                                CAUSE NO. 25-8

**ASC ENGINEERED SOLUTIONS, LLC
D/B/A ASC ENGINEERED SOLUTIONS
AND AS SUCCESSOR IN INTEREST TO
WARD MANUFACTURING, LLC, JOHN DOES 1-10,
AND CORPORATE JOHN DOES A-Z**                                **DEFENDANTS**

### SUMMONS

THE STATE OF MISSISSIPPI

TO:    C T Corporation System o/b/o
       ASC Engineered Solutions, LLC
       d/b/a ASC Engineered Solutions and
       as successor in interest to Ward Manufacturing, LLC
       208 S. La Salle St., STE 814
       Chicago, IL 60604-1135

### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU
MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the Complaint to
Bradley R. McDill, the attorney for the Plaintiff, whose mailing address is McDill Gatling PLLC, 202
West Jackson Street, Suite 200, Ridgeland, Mississippi 39157-2310. Your response must be mailed or
delivered within thirty (30) days from the date of delivery of this summons and complaint or a judgment
by default will be entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable
time afterward.

Issued under my hand and the seal of said Court, this 5ᵗʰ day of March , 2025.

Circuit Clerk Hinds County, Mississippi
Second Judicial District

By: _____

_____

(Seal)

1

**PROOF OF SERVICE – SUMMONS**
(Process Server)

_____
Name of Person or Entity Served

I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

_____ FIRST CLASS MAIL AND ACKNOWLEDGMENT SERVICE. By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender (*Attach completed acknowledgment of receipt pursuant to M.R.C.P. Form 1B*).

_____ PERSONAL SERVICE. I personally delivered copies to _____ on the _____ day of _____, 2025, where I found said person(s) in _____County of the State of _____.

_____ RESIDENCE SERVICE. After exercising reasonable diligence I was unable to deliver copies to said person within _____ County, _____. I served the summons and complaint on the _____ day of _____, 2025, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____ who is the _____ (here insert wife, husband, son, daughter or other person as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 2023, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

_____ CERTIFIED MAIL SERVICE. By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served. (*Attach signed return receipt or the return envelope marked "Refused."*)

At the time of service I was at least 18 years of age and not a party to this action.

Fee for service: $ _____

Process server must list below: [Please print or type]

Name_____

Social Security No._____

Address_____

_____

Telephone_____

2

State of _____

County of _____

      Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _____ who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

 

                                           _____
                                         Process Server (Signature)

Sworn to and subscribed before me this the_____ day of _____, 2025.

 

                                         _____
                                         Notary Public

(Seal) My Commission Expires:

_____

3

## PROOF OF SERVICE – SUMMONS
### (Process Server)

C T Corp. Systems o/b/o / ASC Engineered Solutions LLC
Name of Person or Entity Served

I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

_____ FIRST CLASS MAIL AND ACKNOWLEDGMENT SERVICE. By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender (*Attach completed acknowledgment of receipt pursuant to M.R.C.P. Form 1B*).

✓ PERSONAL SERVICE. I personally delivered copies to CT= CORP. on the 10ᵀᴴ day of MARCH, 2025, where I found said person(s) in COOK County of the State of ILLINOIS.

_____ RESIDENCE SERVICE. After exercising reasonable diligence I was unable to deliver copies to said person within _____ County, _____. I served the summons and complaint on the _____ day of _____, 2025, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____ who is the _____ (here insert wife, husband, son, daughter or other person as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 2023, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

_____ CERTIFIED MAIL SERVICE. By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served. (*Attach signed return receipt or the return envelope marked "Refused."*)

At the time of service I was at least 18 years of age and not a party to this action.

Fee for service: $ 25

Process server must list below: [Please print or type]

Name ERIC BORN

Social Security No. 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

Address 1127 GRACE DR.
YORKVILLE, IL 60560

Telephone 331-216-9446

2

State of _Illinois_

County of _Kendall_

     Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _Eric D Born_ who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

                                                     _____
                                                       Process Server (Signature)

Sworn to and subscribed before me this the 10th day of _March_, 2025.

                                                   _____
                                                   Notary Public

(Seal) My Commission Expires:

_March 31st 2025_

```
┌─────────────────────────────────────────┐
│          "OFFICIAL SEAL"                 │
│          Deborah L Haas                  │
│   Notary Public, State of Illinois       │
│ My Commission Expires March 31, 2025     │
└─────────────────────────────────────────┘
```

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
### SECOND JUDICIAL DISTRICT

**MISSISSIPPI FARM BUREAU CASUALTY
INSURANCE COMPANY, AS SUBROGEE OF
ROBERT JOHNSON AND EVELYN JOHNSON**                    **PLAINTIFF**

**VERSUS**                                        CAUSE NO. 25-8

**ASC ENGINEERED SOLUTIONS, LLC
D/B/A ASC ENGINEERED SOLUTIONS
AND AS SUCCESSOR IN INTEREST TO
WARD MANUFACTURING, LLC, JOHN DOES 1-10,
AND CORPORATE JOHN DOES A-Z**                    **DEFENDANTS**

### SUMMONS

THE STATE OF MISSISSIPPI

TO:    C T Corporation System o/b/o
       ASC Engineered Solutions, LLC
       d/b/a ASC Engineered Solutions and
       as successor in interest to Ward Manufacturing, LLC
       208 S. La Salle St., STE 814
       Chicago, IL 60604-1135

### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the Complaint to Bradley R. McDill, the attorney for the Plaintiff, whose mailing address is McDill Gatling PLLC, 202 West Jackson Street, Suite 200, Ridgeland, Mississippi 39157-2310. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this 5th day of March, 2025.

Circuit Clerk Hinds County, Mississippi
Second Judicial District

By: _____

_____

(Seal)

1